UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA TRAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VK BREWER, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff Melissa Travis complains against Defendant VK Brewer, LLC, doing business as Brewer Center for Rehabilitation, and demands a trial by jury as follows:

**PARTIES, JURISDICTION, and VENUE**

1. Plaintiff Melissa Travis resides in the Kenduskeag (Penobscot) Maine.

2. VK Brewer, LLC[1] is a Delaware limited liability company registered with the Maine Secretary of State to do business in Maine as Brewer Center for Health and Rehabilitation in Brewer, Penobscot County, Maine.

3. Jurisdiction is proper under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

4. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine. Under Rule 3(h) of the Rules of this Court, this action should be

---

[1] Plaintiff filed her Complaint of Discrimination with the Maine Human Rights Commission against National Health Care Associates, Inc., a Connecticut corporation which, upon information and belief, is the sole member/owner of VK Brewer, LLC.

tried in Bangor because Plaintiff resides in Penobscot County and because she was employed in Penobscot County when the events at issue occurred.

## FACTUAL ALLEGATIONS

5.  Plaintiff worked at Brewer Center for Health and Rehabilitation ("Brewer Rehab") from 2003 to 2020. She voluntarily left her position in 2020. In October 2022, Brewer Rehab rehired Plaintiff as a Medical Technician ("Med Tech").

6.  In early February 2023, Plaintiff reported to her supervisors an incident in which a Brewer Rehab Certified Nursing Assistant (CNA) made a very serious medication error which resulted in a patient hospitalization.

7.  On February 14, 2023, Plaintiff complained to Tricia, a representative in the Brewer Rehab Human Resources office, that two Brewer Rehab Med Techs and a Certified Nursing Assistant (CNA) were smoking marijuana outside the building during a shift break. Tricia told Plaintiff to "mind your own business."

8.  On February 16, 2023, Tricia and a supervisor named Jessica issued Plaintiff a "final written warning" for "gossiping" about these co-workers.

9.  On February 17, 2023, as set forth in Brewer Rehab personnel policies, Plaintiff contacted National Health Care Corporation (NHCA) corporate headquarters in Connecticut to complain about the co-workers smoking marijuana on the job, and about Tricia's and Jessica's unprofessional and unfair treatment.

10. A representative from the NHCA corporate Human Resources Department responded to Plaintiff's complaint by email and set up a time on March 10, 2023 to discuss Plaintiff's concerns.

11. Plaintiff responded by email and agreed to talk at the designated time, but nobody from NHCA followed up to schedule a zoom conference or telephone call.

12. On February 27, 2023, Plaintiff injured her back on the job. As she was instructed, Plaintiff went to the designated workplace health provider, WorkWell. She attended several physical therapy sessions but never missed a shift.

13. Plaintiff provided Brewer Rehab with a list of restrictions from WorkWell, including no lifting over 10 lbs., limited bending and kneeling, etc.

14. Tricia and Jessica became very frustrated with Plaintiff. They questioned the legitimacy of Plaintiff's injury. Tricia and Jessica ignored Plaintiff's limitations on lifting, bending, kneeling and forced her to perform tasks requiring her to bend, kneel, or lift more than 10 lbs.

15. On April 22, 2023, Plaintiff complained to NHCA about the repeated violations of her workplace restrictions. She also requested a shift change.

16. On April 23, 2023, Plaintiff submitted a detailed written complaint to NHCA about Tricia's and Jessica's hostility and harassment.

17. Brewer Rehab terminated Plaintiff's employment on April 24, 2023.

## COUNT I
### 26 M.R.S. § 833
### Whistleblower Retaliation

18. Plaintiff repeats the allegations contained in Paragraphs 1 through 17.

19. Plaintiff engaged in activity protected under the Maine Whistleblower's Protection Act, 26 M.R.S. §§ 831-840 ("MWPA"); to wit, acting in good faith, she reported to her employer what she had reasonable cause to believe were violations of state or federal laws, rules, or regulations and/or conditions or

practices that put at risk the health or safety of Plaintiff, and others, namely, Brewer Rehab patients or residents.

20. Defendant subjected Plaintiff to adverse employment action, to wit: Defendant subjected Plaintiff to retaliation, intimidation and coercion with respect to the terms or conditions of her employment; created hostile working conditions; and terminated her employment, all because Plaintiff made such reports and complaints, all in violation of the MWPA.

21. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MWPA and MHRA:

A. Reinstatement, or front pay in lieu of reinstatement;
B. Back pay from April 24, 2023, with prejudgment interest;
C. Compensatory damages;
D. Punitive damages;
E. An award of reasonable attorney's fees and all costs; and
F. All other damages to which Plaintiff may be entitled.

Dated: July 17, 2025

*/s/ James A. Clifford*
James A. Clifford
james@cliffordclifford.com

*/s/ Andrew. P. Cotter*
Andrew P. Cotter
andrew@cliffordclifford.com

CLIFFORD & CLIFFORD, LLC
10 Moulton Street, 5th Floor
Portland, ME 04101
(207) 613-9465

4